UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABEL VERA-MELGAR<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>Respondent. | Case No.: 20-cv-1231-LAB and 18-cr-915-LAB-1<br><br>**ORDER DENYING MOTION UNDER 28 U.S.C. § 2255** |

Petitioner Abel Vera-Melgar has filed a challenge to his continued custody status under 28 U.S.C. § 2255.[1] He contends that the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. 116-136, 134 Stat. 281 (2020), "has made it possible for low risk inmates to be immediately released to home confinement, or . . . furloughed." Dkt. 1.[2] While the CARES Act may make release to home confinement "possible," release is not mandatory. Failure to release Vera-Melgar does not violate the CARES Act and implicates no violation

---

[1] Vera-Melgar erroneously cites 18 U.S.C. § 2255. That statute addresses civil remedies for personal injuries. The Court construes Vera-Melgar's motion as seeking relief under 28 U.S.C. § 2255.

[2] Docket citations refer to Case No. 3:20-cv-01231-LAB unless otherwise stated.

1  of law under 20 U.S.C. § 2255, so the motion is **DENIED.**

2  Under 28 U.S.C. § 2255(a), a party may challenge his sentence on the ground that its imposition violated the law. But the exercise of discretion vested in the Director of the Bureau of Prisons under the CARES Act doesn't render Vera-Melgar's sentence illegal. The Act provides: "[I]f the Attorney General finds that emergency conditions materially affect the functioning of the Bureau [of Prisons], the Director of the Bureau *may* lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement [under 18 U.S.C. § 3624(c)(2)] *as the Director determines appropriate.*" CARES Act, Pub. L. No. 116-136 § 12003(b)(2), 134 Stat. 281, 516 (2020) (emphasis added). The statute speaks in completely discretionary terms and vests the discretion in the Director of the Bureau of Prisons to release any prisoner to home confinement as he sees fit. The other side of the coin is the Director's authority *not* to exercise his discretion.

Vera-Melgar's motion for relief under 20 U.S.C. § 2255 is **DENIED** and the Court declines to issue a certificate of appealability.

Dated: August 3, 2020

*Larry A. Burns*
Honorable Larry Alan Burns
Chief United States District Judge